UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROGELIO PORTILLO,<br><br>Plaintiff,<br><br>v.<br><br>UNDERHILL FOOD CORP, SAM ALBARATHI AND ALI ALASHMALI, Jointly and Severally,<br><br>Defendants. | ECF CASE<br><br>No.:<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

## NATURE OF THE ACTION

1. Plaintiff Rogelio Portillo worked for Defendants Underhill Food Corp. ("Underhill Food") and Sam Albarathi and Ali Alashmali ("Defendants") at their deli.

2. Plaintiff Portillo asserts the following claims against Defendants: unpaid minimum wage and overtime under the Fair Labor Standards Act and New York Labor Law; failure to provide the Notice and Acknowledgment of Payrate under the Labor Law; and failure to provide the written wage statement under the Labor Law.

## JURISDICTION & VENUE

3. This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 1337 and 1343, supplemental jurisdiction over the Labor Law claims under 28 U.S.C. § 1367, and jurisdiction over the FLSA claims under 29 U.S.C. § 216(b).

4. Venue is proper in this District under 28 U.S.C. § 1391(b)(2).

5. This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

6. Plaintiff Portillo was, at all relevant times, an adult individual, residing in Brooklyn, New York.

7. Upon information and belief, Underhill Food is a New York Domestic Limited Liability Company that is organized under New York law and authorized to do business in the State of New York. Its principal place of business is at 119 Underhill Avenue, Brooklyn, New York 11238.

8. Upon information and belief, Sam Albarathi is a resident of the State of New York and is the owner of Underhill Food.

9. Upon information and belief, Ali Alashmali is a resident of the State of New York and is the owner of Underhill Food.

10. Upon information and belief, Underhill Food is an enterprise engaged in commerce or in the production of goods for commerce. Underhill Food is engaged in commerce or in the production of goods for commerce, because, *inter alia*, it has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, its annual gross volume of business is at least $500,000.00. These goods and services include computers, produce and cleaning supplies.

## STATEMENT OF FACTS

11. Underhill Food is a deli located at 119 Underhill Avenue, Brooklyn, New York.

12. Underhill Food, upon information and belief, employs less than 11 employees.

13. Sam Albarathi and Ali Alashmali had the authority to hire and fire Plaintiff Portillo and to set his employment terms and conditions, including his pay, frequency of being paid, his duties and his work schedule.

14. Sam Albarathi and Ali Alashmali were regularly at the deli and told Plaintiff Portillo what to do and how to do it.

15. Defendants employed Plaintiff Portillo from 2014 to June 28, 2020.

16. Plaintiff Portillo's primary duties were as a line cook, busser and cleaner.

17. Plaintiff Portillo worked a minimum of 12 hours each day, 7 days a week, totaling 84 hours.

18. Plaintiff Portillo would sometimes work 14 hour shifts.

19. Defendants did not track the hours Plaintiff Portillo worked.

20. Defendants did not require Plaintiff Portillo clock in and clock out when he started and stopped working.

21. Defendants, upon information and belief, have no records of the hours Plaintiff Portillo worked.

22. Defendants paid Plaintiff Portillo $450 per week in 2014 and his weekly pay rate was then increased to $550 in 2015 and remained at that rate until he was fired.

23. Defendants paid Plaintiff Portillo his weekly rate regardless of the total hours he worked per week.

24. Defendants did not pay Plaintiff Portillo overtime premium pay for the hours he worked above 40 in a week.

25. Plaintiff Portillo's effective hourly rate is below the statutory minimum for every year he worked for Defendants:

|  | Total Weekly Compensation | Hours Worked Per Week[1] | Effectively Hourly Rate | Federal Minimum Wage | New York Minimum Wage |
|---|---|---|---|---|---|
| 2014 | $450.00 | 84 | $5.35[2] | $7.25 | $8.00 |
| 2015 | $550.00 | 84 | $6.55[3] | $7.25 | $8.75 |
| 2016 | $550.00 | 84 | $6.55 | $7.25 | $9.00 |
| 2017 | $550.00 | 84 | $6.55 | $7.25 | $10.50 |
| 2018 | $550.00 | 84 | $6.55 | $7.25 | $12.00 |
| 2019 | $550.00 | 84 | $6.55 | $7.25 | $13.50 |
| 2020 | $550.00 | 84 | $6.55 | $7.25 | $15.00 |

26. In addition to paying him below the statutory minimum wage, Defendants failed to pay Plaintiff Portillo anything for May and June 2020.

27. Defendants never provided Plaintiff Portillo the Notice and Acknowledgment of Payrate and Payday under N.Y. Lab. Law § 195.1(a) within 10 business days of his first employment date.

28. Defendants paid Plaintiff Portillo in cash.

29. When Defendants paid Plaintiff Portillo in cash, they did not give him any written statement that specified, *inter* alia, his pay rate, the pay period, the hours he worked during that pay period and any deductions.

30. Defendants did not have a poster at their place of work advising their employees of their right to the minimum wage and overtime pay.

31. Plaintiff Portillo, through his counsel, consents to filing this action.

---

[1] These hours are based on Plaintiff Portillo working his minimum 12 hour shifts.
[2] $450.00/84 hours = $5.35
[3] $550.00/84 hours = $6.55

## FIRST CAUSE OF ACTION
## UNPAID MINIMUM WAGES UNDER THE FLSA

32. Plaintiff Portillo repeats every preceding allegation as if set forth fully herein.

33. Defendants have been and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

34. Defendants employed Plaintiff Portillo within the meaning of the FLSA.

35. As an employer within the meaning of the FLSA, Defendants Sam Albarathi and Ali Alashmali are individually liable.

36. Defendants knowingly failed to pay Plaintiff Portillo the minimum wage.

37. Defendants were required to pay Plaintiff Portillo the minimum wage rate for all hours worked.

38. Because Defendants' FLSA violations were willful, a three-year statute of limitations applies under 29 U.S.C. § 255.

39. As a result of Defendants' FLSA violations, Plaintiff Portillo has suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensations under 29 U.S.C. § 216(b), and such other legal and equitable relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
## UNPAID MINIMUM WAGE UNDER THE NEW YORK LABOR LAW

40. Plaintiff Portillo repeats every preceding allegation as if set forth fully herein.

41. Defendants are "employers" under N.Y. Lab. Law §§ 190, 196-d, 651(5), 652 and supporting New York State Department of Labor Regulations and employed Plaintiff Portillo.

42. The wage payment provisions of Article 6 of the Labor Law and supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff Portillo.

43. Under the Labor Law and supporting New York State Department of Labor Regulations, Defendants were required to pay Plaintiff Portillo the statutory minimum wage.

44. As an employer within the meaning of the Labor Law, Michael Salvatore is individually liable.

45. Upon information and belief, Defendants failed to post, in a conspicuous place upon its premises a notice issued by the New York State Department of Labor summarizing minimum wage provisions, violating the Labor Law and supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. §§ 137-2.3, *et seq*.

46. Defendants have willfully violated the Labor Law by knowingly and intentionally failing to pay Plaintiff Portillo the minimum wage.

47. Due to Defendants' Labor Law violations, Plaintiff Portillo is entitled to recover from them his unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest.

## THIRD CAUSE OF ACTION
### FAILURE TO PAY OVERTIME UNDER THE FLSA

48. Plaintiff Portillo repeats every preceding allegation as if set forth fully herein.

49. Defendants were required to pay Plaintiff Portillo no less than 1.5 times the regular rate at which he was employed for all hours worked in excess of 40 hours in a workweek under the overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

50. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff Portillo the proper overtime compensation for his hours worked in excess of 40 hours per workweek.

51. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful, making its violations willful or reckless.

52. Defendants have not made a good faith effort to comply with the FLSA with respect to Plaintiff Portillo's compensation.

53. Defendants have failed to make, keep and preserve records with respect to their employees sufficient to determine the wages, hours, and other conditions and practices of employment, violating the FLSA, 29 U.S.C. §§ 201, 207(a)(1) and 215(a).

## FOURTH CAUSE OF ACTION
## FAILURE TO PAY OVERTIME UNDER THE LABOR LAW

54. Plaintiff Portillo repeats every preceding allegation as if set forth fully herein.

55. Under the Labor Law and supporting New York State Department of Labor Regulations, Defendants were required to pay Plaintiff Portillo 1.5 times his regular rate of pay for all hours he worked in excess of 40 per workweek.

56. Defendants failed to pay Plaintiff Portillo the overtime wages to which he was entitled, violating N.Y. Lab Law § 650 and Part 142 § 142-2.2 of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act.

57. Defendants willfully violated the Labor Law by knowingly and intentionally failing to pay Plaintiff Portillo overtime.

58. Due to Defendants' Labor Law violations, Plaintiff Portillo is entitled to recover from Defendants his unpaid wages, liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## FIFTH CAUSE OF ACTION
## FAILURE TO PROVIDE THE N.Y. LAB. LAW § 195.1 NOTICE

59. Plaintiff Portillo repeats every preceding allegation as if set forth fully herein.

60. Defendants willfully failed to supply Plaintiff Portillo with the required Notice and Acknowledgment of Pay Rate and Payday under N.Y. Lab. Law § 195.1(a) within 10 business days of his first employment date.

61. Due to Defendants' violations of N.Y. Lab. Law § 195.1, Plaintiff Portillo is entitled to recover $50.00 for each workday that the violations occurred or continue to occur, or a maximum of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. N.Y. Lab. Law § 198(1)-b (2016).

## SIXTH CAUSE OF ACTION
FAILURE TO PROVIDE THE N.Y. LAB. LAW § 195.3 WAGE STATEMENT

62. Plaintiff Portillo repeats every preceding allegation as if set forth fully herein.

63. Defendants willfully failed to supply Plaintiff Portillo with an accurate wage statement with each payment of wages, violating N.Y. Lab Law § 195.3.

64. Due to their violations of N.Y. Lab Law § 195.3, Plaintiff Portillo is entitled to recover from Defendants $250.00 for each work day that the violations occurred or continue to occur, or a total of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. N.Y. Lab Law § 198(1)-d (2016).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Portillo respectfully requests this Court grant the following relief:

    a.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the Labor Law;

    b.    An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

    c.    An award for unpaid minimum wages under the Labor Law and the FLSA;

    d.    An award for failing to provide the Notice and Acknowledgment of Pay Rate and Payday under N.Y. Lab. Law § 195.1;

    e.    An award for failing to provide the required wage statement under N.Y. Lab. Law § 195.3;

    f.    An award of liquidated damages as a result of Defendants' Labor Law violations;

    g.    An award of liquidated damages as a result of Defendants' willful FLSA violations;

    a.    Defendants being jointly and severally liable;

    b.    Equitably tolling the statute of limitations under the FLSA;

    c.    An award of pre-judgment and post-judgment interest;

    d.    An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

    e.    Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Portillo demands a trial by jury on all questions of fact the Complaint raises.

Dated: New York, New York
November 2, 2020

LIPSKY LOWE LLP

s/ Douglas B. Lipsky
Douglas B. Lipsky
420 Lexington Avenue, Suite 1830
New York, New York 10170-1830
Tel: 212.392.4772
Fax: 212.444.1030
doug@lipskylowe.com